IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01544-BNB

JOSHUA E. WINGFIELD,

    Plaintiff,

v.

PATRICK J. SULLIVAN DETENTION FACILITY,
ARAPAHOE COUNTY DEPARTMENT FACILITY,
C/O BUREAU CHIEF SPENCE,
ARAPAHOE COUNTY SHERIFFS OFFICE, and
C/O SHERIFF GRAYSON,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP - 5 2007

GREGORY C. LANGHAM
                   CLERK

## ORDER OF DISMISSAL

Plaintiff, Joshua E. Wingfield, was incarcerated at the Arapahoe County Jail in Centennial, Colorado, when he initiated this action by submitting to the Court *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, a Prisoner Complaint, and two letters to the clerk of the Court with attached exhibits. He has since notified the Court that he temporarily is confined at the Colorado Mental Health Institute in Pueblo, Colorado.

The Court reviewed the documents and determined they were deficient. Therefore, in an order filed on July 23, 2007, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Mr. Wingfield to cure certain deficiencies in the case within thirty days if he wished to pursue his claims.

The July 23, 2007, order pointed out that Mr. Wingfield failed to submit a certified copy of his trust fund account statement for the six-month period immediately proceeding this filing. The order also pointed out that the names in the caption to the complaint did not match the names in the text of the complaint. The order warned Mr. Wingfield that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

On July 30, 2007, Mr. Wingfield submitted to the Court a copy of his trust fund account statement. However, the statement is not certified by the appropriate prison official and is not for the six-month period immediately proceeding this filing. On July 31, 2007, he submitted to the Court two amended complaints, an amended 28 U.S.C. § 1915 motion, and a letter to the Court. He also has submitted numerous additional letters to the Court.

Subsection (a)(2) of 28 U.S.C. § 1915 (2006) requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." The July 23, 2007, order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement. By failing to submit a certified copy of his trust fund account statement for the six-month period immediately proceeding this filing, Mr. Wingfield has failed to cure all the deficiencies listed in the July 23 order within the time allowed. The complaint, amended complaints, and the action will be dismissed without prejudice for failure to cure the designated deficiencies as directed within the time allowed. Accordingly, it is

ORDERED that the complaint, amended complaint, and the action are dismissed without prejudice for failure to cure. It is

FURTHER ORDERED that leave to proceed pursuant to 28 U.S.C. § 1915 is denied as moot. It is

FURTHER ORDERED that the clerk of the Court mail a copy of this order to Mr. Wingfield at both the Arapahoe County Jail in Centennial, Colorado, and the Colorado Mental Health Institute in Pueblo, Colorado.

DATED at Denver, Colorado, this 4 day of Sept., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01544-BNB

Joshua Wingfield
Prisoner No. 07-07222
Arapahoe County Jail
P.O. Box 4918
Englewood, CO 80155

Joshua Wingfield
Prisoner No. 07-07222
CMHIP
1600 West 24th Street
Pueblo, CO 81003

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/5/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk