IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01544-BNB

JOSHUA E. WINGFIELD,

Plaintiff,

v.

PATRICK J. SULLIVAN DETENTION FACILITY,
ARAPAHOE COUNTY DEPARTMENT FACILITY,
C/O BUREAU CHIEF SPENCE,
ARAPAHOE COUNTY SHERIFFS OFFICE, and
C/O SHERIFF GRAYSON,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 30 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Joshua E. Wingfield, filed *pro se* on November 20, 2007, a letter in which he asks the Court to reopen this action. The Court must construe the request liberally because Mr. Wingfield is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the request will be construed liberally as a motion to reconsider. For the reasons stated below, the liberally construed motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final

judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.
Mr. Wingfield's motion to reconsider in this action, which was filed more than ten days after the judgment was entered on September 5, 2007, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action without prejudice because Mr. Wingfield failed within the time allowed to cure the designated deficiencies, which included his failure to submit a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the complaint.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Wingfield fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the request to reopen this action, which Plaintiff makes in a letter filed on November 20, 2007, and which the Court has construed as a motion to reconsider, is denied.

DATED at Denver, Colorado, this 30 day of Nov., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01544-BNB

Joshua Wingfield
Prisoner No. 07-07222
Arapahoe County Jail
P.O. Box 4918
Englewood, CO 80155

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on \_\_11/30/07\_\_

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk