IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01544-BNB

JOSHUA E. WINGFIELD,

Plaintiff,

v.

PATRICK J. SULLIVAN DETENTION FACILITY,
ARAPAHOE COUNTY DEPARTMENT FACILITY,
C/O BUREAU CHIEF SPENCE,
ARAPAHOE COUNTY SHERIFFS OFFICE, and
C/O SHERIFF GRAYSON,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 13 2007

GREGORY C. LANGHAM
CLERK

ORDER DENYING SECOND MOTION TO RECONSIDER

Plaintiff, Joshua E. Wingfield, filed *pro se* on December 6, 2007, another letter in which he asks the Court to reconsider the dismissal of the instant action. He made a similar request in a letter filed on November 20, 2007, which the Court construed as a motion to reconsider. The motion was denied on November 30, 2007.

The Court must construe the December 6, 2007, request liberally because Mr. Wingfield is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the request will be construed liberally as a second motion to reconsider. For the reasons stated below, the liberally construed second motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Wingfield's second motion to reconsider in this action, which was filed more than ten days after the judgment was entered on September 5, 2007, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action without prejudice because Mr. Wingfield failed within the time allowed to cure the designated deficiencies, which included his failure to submit a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the complaint.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Wingfield's belated attempt to explain the reasons he was unable to cure the designated deficiencies fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the second motion to reconsider will be denied. The Court will not consider any additional motions to reconsider that Mr. Wingfield may attempt to file in this case. Mr. Wingfield is reminded that, because the instant action was dismissed without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the request to reconsider the dismissal of the instant action,

which Plaintiff makes in a letter filed on December 6, 2007, and which the Court has construed as a motion to reconsider, is denied. It is

FURTHER ORDERED that the Court will not consider any additional motions to reconsider that Mr. Wingfield may attempt to file in this case.

DATED at Denver, Colorado, this 11 day of Dec., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01544-BNB

Joshua Wingfield
Prisoner No. 07-07222
Arapahoe County Jail
P.O. Box 4918
Englewood, CO 80155

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12\13\07

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk